# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-45185-tjt |
| Indiana Hotel Equities, LLC, ) | Chapter 11 |
| ) | Hon. Thomas J. Tucker |
| Debtor. ) | |
| ) | |

## INDIANAPOLIS AIRPORT AUTHORITY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR OTHER RELIEF

The Indianapolis Airport Authority (the "IAA"), by and through its attorneys, Dykema Gossett PLLC, hereby moves for an order, pursuant to section 362(d) of title 11 of the United States Code ("Bankruptcy Code") and Rules 4001(a) and 4001(d) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) confirming that a certain lease (the "Lease") between the IAA and debtor Indiana Hotel Equities, LLC (the "Debtor"), which was terminated prepetition, is not property of the Debtor's bankruptcy estate pursuant to section 541(b)(2); (ii) further confirming that the automatic stay does not apply pursuant to section 362(b)(10) of the Bankruptcy Code so that the IAA is free to exercise its contractual and state law remedies with respect to the Lease and the subject property; and (iii) waiving the 14-day stay of any Order granting this Motion pursuant to Bankruptcy Rule 4001(a)(3). In support of this Motion, the IAA relies on the accompanying Brief In Support, which sets forth the facts supporting this Motion and is incorporated by reference.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Pursuant to Local Bankruptcy Rule 9014(h), on April 20, 2018, counsel for the IAA requested from counsel for the Debtor concurrence for the relief sought in this Motion but concurrence was not obtained.

**WHEREFORE**, the Indianapolis Airport Authority respectfully requests that this Court enter the proposed order attached as Exhibit 1 and grant any other relief that this Court deems just and appropriate.

Dated: April 23, 2018

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Sherrie L. Farrell*
Sherrie L. Farrell (P57205)
Jong-Ju Chang (P70584)
Attorneys for Indianapolis Airport Authority
400 Renaissance Center
Detroit, MI 48243
313-568-6550
sfarrell@dykema.com
jchang@dykema.com

# EXHIBIT INDEX

| EXHIBIT 1 | Order Granting Motion for Relief from the Automatic Stay and for Other Relief |
|---|---|
| EXHIBIT 2 | Notice of Indianapolis Airport Authoritiy's Motion for Relief from the Automatic Stay and for Other Relief |
| EXHIBIT 3 | Brief In Support of Indianapolis Airport Authority's Motion for Relief from the Automatic Stay and for Other Relief |
| EXHIBIT 4 | Certificate of Service |
| EXHIBIT 5 | N/A |
| EXHIBIT 6-A | Lease |
| EXHIBIT 6-B | Termination Letter |
| EXHIBIT 6-C | IHE Complaint |
| EXHIBIT 6-D | Indiana Court Docket |
| EXHIBIT 6-E | Order Denying Indiana Hotel Equities, LLC's Motion for Summary Judgment and Granting Indiana Airport Authority's Cross-Motion for Summary Judgment |

4833-9047-3059.1
ID\FARRELL, SHERRIE - 900500\003801

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re: )
                                               )    Case No. 18-45185-tjt
Indiana Hotel Equities, LLC, )    Chapter 11
                                               )    Hon. Thomas J. Tucker
Debtor. )

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR OTHER RELIEF

This matter coming before the Court on Indianapolis Airport Authority's (the "IAA")[1] Motion for Relief from the Automatic Stay and for Other Relief (the "Motion"); the Court having considered all presentations of record on the Motion, and finding (a) the Court has jurisdiction over this matter, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), (c) proper and adequate notice of the Motion was given, and (d) good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion and all relief requested therein is granted.

2. The Lease was terminated prepetition; the Lease and the Hotel Property are not a property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(b)(2) and the automatic stay does not apply pursuant to 11 U.S.C. § 362(b)(10).

3. The IAA shall be free to exercise its contractual and state law remedies with respect to the Lease and the Hotel Property, including, but not limited to, evicting the Debtor from the Hotel Property and obtaining immediate possession of the same.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion and Brief In Support.

4. The stay of this Order pursuant to Bankruptcy Rule 4001(a)(3) is waived.

5. The Motion and the entry of this Order constitute a core proceeding, and this Order is a final Order as those terms are defined in 28 U.S.C. §§ 157 and 158.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7. The Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the U.S. Bankruptcy Code.

EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-45185-tjt |
| Indiana Hotel Equities, LLC, ) | Chapter 11 |
| ) | Hon. Thomas J. Tucker |
| Debtor. ) | |
| _____) | |

## NOTICE OF INDIANAPOLIS AIRPORT AUTHORITY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR OTHER RELIEF

Indianapolis Airport Authority (the "IAA") has filed a Motion For Relief from the Automatic Stay and For Other Relief.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to enter the Order Granting Motion for Relief from the Automatic Stay and for Other Relief, *within 14 days*, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 W. Fort Street, Suite 1700
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Sherrie L. Farrell, Esq.
Jong-Ju Chang, Esq.
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243

---

[1] Responses or answers must comply with F. R. Civ. P. 8(b), (c) and (e)

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated: April 23, 2018

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Sherrie L. Farrell*
Sherrie L. Farrell (P57205)
Jong-Ju Chang (P70584)
Attorneys for Indianapolis Airport Authority
400 Renaissance Center
Detroit, MI 48243
313-568-6550
sfarrell@dykema.com
jchang@dykema.com

EXHIBIT 3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 18-45185-tjt |
| Indiana Hotel Equities, LLC, ) | Chapter 11 |
| ) | Hon. Thomas J. Tucker |
| Debtor. ) | |

## BRIEF IN SUPPORT OF INDIANAPOLIS AIRPORT AUTHORITY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR OTHER RELIEF

This Motion involves a certain lease of hotel property located in Indiana between the Indianapolis Airport Authority (the "IAA") and the Debtor. The Debtor defaulted on its obligations and the lease was terminated in 2017. The Debtor refused to vacate, resulting in a lawsuit and cross-motions for summary judgment filed with the Indiana state court. The Indiana state court agreed with the IAA and found that the lease had been terminated and that the Debtor was required to vacate by April 14, 2018. However, just four days before its deadline to vacate, the Debtor filed the above captioned bankruptcy case ("Case") in a bad faith attempt to undermine the Indiana state court judgment and delay eviction from the subject property.

The Debtor's interest in the subject property was fully adjudicated by the Indiana state court, which determined the Debtor had breached the terms of the lease agreement and was therefore no longer entitled to possession of the subject property. Accordingly, the IAA files this Motion For Relief From the Automatic Stay And For Other Relief ("Motion") because the lease was terminated prepetition in accordance with Indiana law so that the lease and the subject

property are not property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(b)(2) and the automatic stay does not apply pursuant to 11 U.S.C. § 362(b)(10).[2]

## I. BACKGROUND

### A. The Lease and Hotel Property

On or about January 6, 2016, the IAA and the Debtor entered into a lease amendment pursuant to which the Debtor leased from the IAA a hotel located at 2500 South High School Road, Indianapolis, Indiana ("Hotel" or "Hotel Property"). A true and correct copy of the lease as amended by the lease amendment (the "Lease") is attached hereto and incorporated herein as **Exhibit 6-A**. Pursuant to the Lease, the Debtor agreed to perform several requirements relating to renovation and rebranding of the Hotel by December 31, 2016. The Debtor further agreed that if those requirements were not completed by that time, then the Debtor agreed it would be considered in default of the Lease and its contractual obligations. *Id.* These requirements included, but were not limited to: rebranding and operating the Hotel under a national chain brand name; operation of a sit-down restaurant that offered breakfast and dinner to guests; operating a full service bar or lounge area serving beer, wine, and distilled liquor; and providing a swimming pool for guest use. *Id.* The Debtor failed to meet its required obligations by December 31, 2016.

On or about May 11, 2017, the IAA sent the Debtor a letter ("Termination Letter") stating that the Debtor's failure to meet its obligations by December 31, 2016 constituted a breach of the Lease, and that the IAA accordingly had exercised its right to cancel the Lease in its entirety. **Exhibit 6-B**, Termination Letter. Specifically, the Termination Letter cited the Debtor's failure "to complete by December 31, 2016, the renovations and rebranding it was

---

[2] The IAA is filing this motion out of an abundance of caution, to the extent this Court disagrees that the automatic stay does not apply.

8

required to perform pursuant to the Lease Amendment, which failure constitutes an event of default under the Lease." *Id.* The Termination Letter further provided that the Debtor was required to surrender possession of the Hotel to the IAA at 12:00 midnight on July 11, 2017. *Id.*

### B. Prior Indiana State Court Action

The Debtor failed to surrender possession of the Hotel to the IAA by July 11, 2017. Instead, on July 12, 2017, the Debtor filed an action in the Indiana Commercial Court of the Marion County Superior Court for the State of Indiana (the "Indiana Court"), seeking a permanent injunction enjoining the IAA from being granted possession of the Hotel. **Exhibit 6-C**, Marion Superior Court Complaint. The IAA filed a counterclaim against the Debtor, seeking possession of the Hotel.

On March 28, 2018, following significant discovery, dispositive motion briefing, and oral argument (*see* **Exhibit 6-D**, Indiana Court Docket), the Indiana Court entered an Order Denying Indiana Hotel Equities, LLC's Motion for Summary Judgment and Granting Indiana Airport Authority's Cross-Motion for Summary Judgment ("Indiana Order"). **Exhibit 6-E**, Indiana Order. In the Indiana Order, the Indiana Court concluded that the Debtor had breached the Lease, and that the IAA was entitled to judgment as a matter of law on the issue of the Debtor's default. Exhibit 6-E, Indiana Order, at ¶ 24. In the Indiana Order, the Indiana Court specifically held that "[because the Debtor] defaulted on the Lease and did not cure its default within the required timeframe, IAA is entitled to possession of the [Hotel]." *Id.* Accordingly, the Indiana Court ordered that the Debtor "shall vacate and turn over possession of the Hotel to the IAA by April 14, 2018." *Id.* at Order (emphasis added). The Indiana Order also declared that it "adjudicates all claims as to all parties." *Id.*

9

C.  **The Debtor's Bankruptcy Case**

On April 10, 2018 ("Petition Date"), the Debtor, in a blatant bad faith attempt to retain possession of the Hotel—possession that had already been denied by the Indiana Court less than two weeks prior—commenced this Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Put simply, the Indiana Court has already conclusively determined that the Debtor had, at most, a possessory interest in the Hotel Property until April 14, 2018. However, because that date has now passed, the Debtor has no legitimate interest in the Hotel Property whatsoever, and is simply trespassing on property which it already has been ordered to vacate.

II.  **LEGAL BASIS FOR RELIEF**

A.  **The Bankruptcy Code**

Three sections of the Bankruptcy Code exclude a non-residential lease that expired prepetition under applicable nonbankruptcy law from being property of the bankruptcy estate or enjoying the protection of the automatic stay. *Truong v. 325 Broadway Assocs. LLC (In re Truong)*, 557 B.R. 326, 332-33 (Bankr. D. N.J. 2016).

**First**, 11 U.S.C. § 541(b)(2) states in relevant part: "[p]roperty of the bankruptcy estate does not include—…any interest of the debtor as a lessee under a lease of a nonresidential real property that has terminated at the expiration of the stated term of such lease.…"

**Second**, 11 U.S.C. § 362(b)(10) provides: "[t]he filing of a petition…does not operate as a stay—… under subjection (a) of this section, of any act or by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of…a case under this title to obtain possession of such property…"

10

**Third**, 11 U.S.C. § 365(c)(10) provides: the "trustee may not assume or assign any...unexpired lease of debtor...if...such lease is of nonresidential real property that has been terminated under applicable nonbankruptcy law prior to the order for relief." See also *In re Lakes Region Donuts, LLC*, No. 13-11823-BAH, 2014 Bankr. LEXIS 1183 (Bankr. D. N.H.) (*citing In re T.A.C. Grp.*, 249 B.R. 199, 202 (Bankr. D. Mass. 2003) ("[T]he debtor's interest in a terminated lease is not protected by the automatic stay") (*In re Neville*, 118 B.R. 14, 18 (Bankr. E.D.N.Y. 1990) ("Section 362(b)(10) clearly indicates that it is not necessary for a landlord to move in the Bankruptcy Court to vacate the automatic stay when the Debtor is operating under a lease of non-residential real property that has terminated by the expiration of the stated term of the lease [prepetition]").

Courts have interpreted "terminated by the expiration of the stated term" language "as not being limited simply to instances where the calendar date specified as the end of the lease term passed. Rather, the exception has been held to apply in instances where a lease has been effectively terminated under applicable nonbankruptcy law prior to the expiration of its stated term." *In re Lakes Region Donuts*, 2014 Bankr. LEXIS 1183, *11-12 (citing *In re Policy Realty*, 242 B.R. 121, 127-28 (S.D.N.Y. 1999) (holding that even where landlords have accelerated the lease term, the § 362(b)(10) exception to the automatic stay prevented the stay from applying); *In re Robinson v. Chicago Hous. Auth.*, 54 F.3d 316, 370 (7th Cir. 1995) (explaining that the Bankruptcy Code "draw[s] no meaningful distinction between 'expired' and 'terminated' in context of § 365)).

In short, "the common inquiry to all three sections of the Code is whether the commercial lease was terminated prepetition under applicable nonbankruptcy law, i.e. the state law under which the lease is to be interpreted...In determining whether a lease was in effect as of the petition date, courts look to the terms of the lease itself, as interpreted by the governing state's

11

law." *In re Lakes Region Donuts,* 2014 Bankr. LEXIS 1183, *14. "Once a lease has been terminated, the bankruptcy court cannot revive it, even by its equitable powers despite the debtor's present ability to cure any default." *In re Lakes Region Donuts,* 2014 Bankr. LEXIS 1183, *13 (citing *Neville,* 118 B.R. at 18).

### B. The Lease Was Terminated Pre-Petition In Accordance With Indiana Law

Here, the Lease provides that it "shall be governed by and construed and enforced in accordance with the laws of the State of Indiana." Ex. 6-A, Lease, at p. 24. The facts of *In re Felix Invs., Inc.,* NO. 11-00178-AJM-11, 2011 Bankr. LEXIS 335 (Bank. S.D. Ind., Aug. 26, 2011) are particularly on point and instructive in illuminating why the Lease was terminated pre-petition in accordance with Indiana law. In *In re Felix,* as in this action, the debtor entered into a commercial lease agreement with a creditor. The lease agreement necessitated the debtor complete several monetary and non-monetary requirements by dates certain; failing to do so would constitute a default in the terms of the lease agreement. *Id.* at *3-6. The lease agreement further provided that "upon the occurrence of an 'event of default', [the creditor] was entitled to exercise all remedies available in law or in equity, including the remedy of terminating the Lease, by which [the debtor's right of possession of the Leased Properties would be terminated. The Lease, as well, would be terminated as to all aspects other than [the debtor's] liability." *Id.* at *6.

The debtor in *Felix* failed to meet his obligations under the breach, so the creditor exercised its option to terminate the lease, and sent a notice of termination of lease to the debtor. *Id.* at ¶ 21. The day before the hearing in state court on the creditor's eviction action, the debtor filed Chapter 11 bankruptcy. *Id.* at *12-13. The creditor moved for relief from stay, arguing—as the IAA does here—that the debtor's "rights under the Lease — including its right to possess the [leased properties] — terminated prepetition and that [the debtor], therefore, holds merely bare

12

possession of the Leased Properties, without a legal or equitable right to possess them... [and that the debtor's] expired right to possess the [leased properties] is not property of the estate." *Id.* at *14.

The *Felix* court held that in order to determine if the lease had been terminated prepetition

> The Court must look to applicable state law to determine if the lease was terminated pre-petition. *Vanderpark Properties, Inc., v. Buchbinder (In re Windmill Farms, Inc.)*, 841 F.2d 1467, 1469 (9th Cir. 1988); *Kipp v. Depoy (In re Depoy)*, 29 B.R. 466, 470 (Bankr. N.D. Ind. 1983). While each state has its own process for eviction or unlawful detainer, the general rule throughout the states and is that the lease ends when the tenant is no longer entitled to possession. *Robinson v. Chicago Housing Auth.*, 54 F.3d 316, 321 (7th Cir. 1995) (residential lease).
>
> In Indiana, a commercial lease is to be construed in the same manner as any other contract. *Zawistoski v. Gene B. Glick Co., Inc.*, 727 N.E.2d 790, 792 (Ind. Ct. App. 2000); *Loper v. Standard Oil Co.*, 138 Ind. App. 84, 211 N.E.2d 797, 800 (1965). Determination of whether a lease has been terminated is made on a case by case basis. *Gigax v. Boone Village Limited Partnership*, 656 N.E.2d 854, 857 (Ind. Ct. App. 1995).
>
> Indiana law governs the Lease and allows for termination of a lease and a tenant's right to possession prior to judicial determination. For instance, under the Indiana Code a "landlord may *terminate* the lease with not less than ten (10) days notice" if the tenant fails or refuses to pay rent. Ind. Code § 32-31-1-6. Moreover, Indiana courts recognize a lessor's contractual right to terminate a lease upon the defaults, whether monetary or nonmonetary, of the lessee. *Ream v. Yankee Park Homeowner's Ass'n, Inc.*, 915 N.E.2d 536, 541-42 (Ind. Ct. App. 2010).

*In re Felix Invs., Inc.*, 2011 Bankr. LEXIS 3335, *14-16. The court thus concluded that the lease had been terminated prepetition because *Felix* "breached its obligations under Sections 5, 9, 11, 14, 15(E), 23 and 27 of the Lease. Sections 24(A)(ii), (v) and (vi) of the Lease render such breaches 'events of default'. [The creditor] is entitled to terminate the Lease and [the debtor's] right to possession upon the occurrence of an 'event of default' under Section 24(B)(i)."

13

Because the lease was terminated prior to the debtor's bankruptcy filing, the *In re Felix* court held that "'cause' exists to lift the automatic stay under §362(d)(1). The Lease terminated prepetition and… this Court cannot resurrect it." *Id.* at *21.

The facts in *In re Felix* are completely analogous to this action. In this case, the Debtor was required to meet certain obligations by December 31, 2016 and agreed that its failure to do so would constitute a breach of the Lease. The Debtor failed to meet its obligations, as a result of which the IAA had the contractual right under the terms of the Lease and Indiana law to terminate the Lease, which it did. Moreover, the Indiana Court necessarily determined that (i.) the Debtor defaulted on the Lease, and (ii.) the IAA was entitled to possession of the Hotel. The Indiana Court confirmed its holding by unequivocally ordering the Debtor to vacate by April 14, 2018. *See* Ex. 6-D, Indiana Order. The Debtor cannot now use this bankruptcy proceeding to relitigate or challenge the Indiana Order.

Indeed, a bankruptcy court "is required to give full faith and credit to a State Court's judgment terminating a lease and awarding possession of the premises to the landlord" and it "will not undertake an independent review of the validity of the warrant of eviction particularly since the judgment was entered on its merits." *In re Neville*, 118 B.R. 14, 17 (Bankr. E.D.N.Y. 1990) (holding that there is no automatic stay pursuant to 363(b)(10) as the lease was previously terminated prepetition).

In addition to this Court's obligation to give full faith and credit to the Indiana Order, to the extent the Debtor intends to challenge whether the Lease was properly terminated prepetition, such arguments are barred by collateral estoppel.

Under Indiana law, "collateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit. In that situation, the first adjudication

14

will be held conclusive even if the second action is on a different claim." *Sullivan v. American Casualty Co.*, 605 N.E.2d 134, 137 (Ind. 1992). The *Sullivan* court also held that the "prime consideration [in determining whether to apply collateral estoppel] is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel." *Id.* at 138.

Here, all issues related to the Debtor's interest in the Hotel Property and Lease have been fully adjudicated by the Indiana Court. The parties engaged in months of discovery (including depositions of relevant parties) relating to the Debtor's interest in the Hotel. The Debtor's request of this Court to restructure its interest in the Hotel, when it has already been conclusively determined to have, at the absolute most, a time-barred possessory interest, is a clear attempt to collaterally attack the Indiana Order and is therefore barred by the doctrine of collateral estoppel.[3]

### C. Effect of Lease Termination Pre-Petition

The Lease therefore was terminated prepetition in accordance with Indiana law. As a result, the Lease and the Hotel Property are not property of the Debtor's bankruptcy estate

---

[3] Similarly, the Debtor's claims are barred by the doctrine of *res judicata*. "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citation omitted). "The bar of *res judicata* applies if the following conditions exist: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003) (citation and quotations omitted). To the extent the Debtor's request for restructuring necessitates this Court to reevaluate whether the Debtor is properly in possession of the Hotel, that issue has already been explicitly decided by the Indiana Court and is therefore barred by *res judicata*.

15

pursuant to section 541(b)(2) and is not subject to the automatic stay pursuant to section 362(b)(10).

Even if 11 U.S.C. § 362(b)(10) did not apply (which, again, it does), the Debtor's only remaining interest would be a holdover tenancy, which is not assignable under 11 U.S.C. § 365(c)(3) with no value to the Debtor's estate. *In re Truong,* 557 B.R. at 333 (citing to *Neville,* 118 B.R. at 18). If this Court were to accept an argument that "equitable possessory interests were protected by the automatic stay" that "would result in nullifying section 362(b)(10), which was purposely placed into the Bankruptcy Code to deal with situations such as this." *Neville,* 118 B.R. at 18; *In re Truong,* 557 B.R. at 334 ("the debtor's mere 'possession' of the premises gave rise to no right which could be protected under the Code) (citations omitted). Hence, because the Debtor has no valid interest in the Lease or the Hotel Property, which are not a part of the bankruptcy estate, there is cause for the entry an order confirming that the automatic stay does not apply and that the IAA is free to exercise its contractual and state law remedies in connection with the same.

**D.   Request For Waiver Of Stay**

The circumstances of this Case justify a waiver of a stay of the order granting this Motion. Pursuant to Bankruptcy Rule 4001(a)(3), "[a]n order granting a motion for relief from an automatic stay…is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." As set forth above, the Indiana Court already determined that the Lease was terminated before the Debtor commenced this Case and ordered the Debtor to vacate by April 14, 2018—and that day has come and gone. Accordingly, the IAA submits that cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 4001(a)(3), to the extent that it applies.

16

Dated: April 23, 2018  Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Sherrie L. Farrell*
Sherrie L. Farrell (P57205)
Jong-Ju Chang (P70584)
Attorneys for Indianapolis Airport Authority
400 Renaissance Center
Detroit, MI 48243
313-568-6550
sfarrell@dykema.com
jchang@dykema.com

EXHIBIT 4

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:                                    )
                                          )    Case No. 18-45185-tjt
Indiana Hotel Equities, LLC,              )    Chapter 11
                                          )    Hon. Thomas J. Tucker
Debtor.                                   )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send a copy to the following attorney of record:

Robert N. Bassel at bbassel@gmail.com

Dated: April 23, 2018                     Respectfully submitted,

                                          **DYKEMA GOSSETT PLLC**

                                          By:/s/ *Sherrie L. Farrell*
                                          Sherrie L. Farrell (P57205)
                                          Jong-Ju Chang (P70584)
                                          Attorneys for Indianapolis Airport Authority
                                          400 Renaissance Center
                                          Detroit, MI 48243
                                          313-568-6550
                                          sfarrell@dykema.com
                                          jchang@dykema.com

4816-8974-7555.1
ID\WALLS, SAMANTHA - 900500\005564