UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-45185 |
| INDIANA HOTEL EQUITIES, LLC, | Chapter 11 |
| Debtor. | Judge Thomas J. Tucker |
| _____/ | |

**ORDER REQUIRING THE DEBTOR TO AMEND DISCLOSURE STATEMENT**

On July 9, 2018, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Disclosure Statement and Plan of Reorganization" (Docket # 65). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following relatively minor problems, which the Debtor must correct.

First, the Debtor must delete Paragraph 2.3 of the Plan on page 9 (Group III), which describes the treatment for "all other Priority Creditors." The Debtor states that "Debtor does not believe that any such claimants exit." But if in fact there are any "other Priority Creditors" of the type described in Group III on page 9, the claims of those other Priority Creditors must be classified and treated under Article III. 11 U.S.C. § 1123(a)(1) requires classification of all priority claims except those of a kind specified in 11 U.S.C. §§ 507(a)(2), (a)(3), or (a)(8).

Second, in the description of the treatment of the Class 4 claims of Equity Security Holders, on page 12 of the Plan, the Debtor must state that Remo Polselli is the sole equity holder of the Debtor.

Third, in Paragraph II.C of the Disclosure Statement on page 31 (Description of Debtor's Business and Causes for Chapter 11 Filing), the Debtor must state the cause(s) for the Chapter 11

filing, including information about the pre-petition litigation between the Debtor and the Indiana Airport Authority.

Fourth, in Paragraph III.C of the Disclosure Statement on page 33 (Pending and Contemplated Litigation Involving Debtor), the Debtor states: "Debtor contemplates that it will remove the Lawsuit to the Bankruptcy Court so that this Court has all aspects of the rights and liabilities of IAA and IHE before it."  The Debtor must update and amend this section of the Disclosure Statement to reflect events occurring after July 9, 2018, including the facts that the Debtor commenced Adversary Proceeding No. 18-4307 by filing in this Court a notice of removal (Docket # 1 in Adv. No. 18-4307, the "Removal Notice"), purporting to remove to this Court the following state court cases now pending in Indiana:

> Indiana Hotel Equities, LLC v Indiana Airport Authority, Marion Superior Court Indiana Trial Court No. 49D01-1707-PL-027076, Court of Appeals No. 18A-PL-00769

(Removal Notice at ¶ 1); that on July 10, 2018, the Defendant Indiana Airport Authority filed a motion for remand  (Docket # 2 in Adv. No. 18-4307, the "Remand Motion"); that the Court, on its own motion and on the Remand Motion, entered an Order on July 11, 2018 remanding the removed case back to the state court (Docket # 3 in Adv. No. 18-4307).  The Debtor also must amend and update, as needed, any other sections in the Disclosure Statement that discuss the Debtor's then-contemplated removal of Indiana lawsuit — *e.g.*, at pages 33-34 of the Disclosure Statement.

Fifth, in the Liquidation Analysis on pdf page 50, the Debtor must correct the apparent typographical error, by changing "$1,94,3341" to $1,943,341, representing the "Proceeds Available to Pre-Petition Unsecured Creditors."

Accordingly,

IT IS ORDERED that no later than **July 23, 2018**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **July 23, 2018**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Combined Disclosure Statement and Plan of Reorganization" filed July 9, 2018.

**Signed on July 16, 2018**

/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**