UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                                           Case No. 18-45185

INDIANA HOTEL EQUITIES, LLC,                                    Chapter 11

                Debtor.                                             Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE INDIANAPOLIS AIRPORT AUTHORITY'S
SECOND MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET # 50)**

**I. Introduction**

This case is before the Court on the motion filed on June 22, 2018 by the Indianapolis Airport Authority (the "IAA"), entitled "Motion for Relief From Stay" (Docket # 50, the "Motion"). Timely objections to the Motion were filed by the Debtor and by Indiana Hotel Ventures, LLC. The Court held a hearing on the Motion on July 25, 2018, and then took the Motion under advisement.

The Court has considered all of the written and oral arguments of the parties concerning the Motion, and all papers filed by the parties relating to the Motion, as well as the entire record of this bankruptcy case. For the reasons stated below, the Court will grant the Motion.

**II. Jurisdiction**

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This contested matter is a core proceeding, under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(G), and 157(b)(2)(O).

In addition, this contested matter falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C.

§ 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *see id.*, including Bankruptcy Code § 362. And this is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See Allard v. Coenen*, 419 B.R. at 27.

**III. Discussion**

The Court incorporates into this Opinion, by reference, everything the Court stated in its opinion filed in this case on June 18, 2018 (Docket # 47), at pages 1-16. Unless otherwise defined in this Opinion, all capitalized terms in this Opinion have the meaning ascribed to them in the June 18, 2018 opinion.

The IAA seeks relief from the automatic stay to permit it to do basically two things: (1) defend the Debtor's pending appeal of the March 28, 2018 State Court Decision in the Indiana Lawsuit; and (2) seek in the Indiana court to enforce the State Court Decision, by evicting the Debtor from the Property and obtaining immediate possession of the Property.

As to the first of these things, no one objects, and the Debtor has asked the Court to grant stay relief to permit the Debtor and the IAA to continue their litigation of the Debtor's pending appeal and related matters, in the Indiana courts. The Court finds that there is cause to grant such relief, and will grant this.

As to the second aspect of stay relief listed above, sought by the IAA, the Debtor objects, as does Indiana Hotel Ventures, LLC. But the Court finds and concludes that there is "cause" to

grant this stay relief in favor of the IAA, under 11 U.S.C. § 362(d)(1), and will grant this relief, for the following reasons.

Based on the March 28, 2018 State Court Decision, and as this Court held in its June 18, 2018 opinion (Docket # 47), this Court is bound, by the federal Full Faith and Credit statute and the doctrine of collateral estoppel, to conclude that:

> (1) the Lease was validly terminated by the IAA in July 2017, almost 9 months before the Debtor filed this bankruptcy case on April 10, 2018; and (2) as of both the bankruptcy petition date and as of now, the Debtor has had no right to possession of the Property. These points must be taken as conclusively established, unless and until the Debtor succeeds on its appeal in obtaining a modification or reversal of the State Court Decision.

*Id.* at 10. And as this Court held in its earlier opinion, under Indiana law, the March 28, 2018 State Court Decision is preclusive even though the Debtor has an appeal from that decision pending in the Indiana Court of Appeals. *Id.* at 9-10. Morever, under Indiana law, "'[a]n appeal does not stay the effect or enforceability of a judgment or order of a trial court or Administrative Agency unless the trial court, Administrative Agency or Court on Appeal otherwise orders.'" *Id.* at 10 (quoting Ind. R. App. P. 39(A)).

The IAA seeks to enforce the State Court Decision, and in particular, the part of that decision that ordered the Debtor and the Debtor's hotel manager, Indiana Hotel Ventures, LLC, to "vacate and turn over possession of the Hotel to the IAA by April 14, 2018."

The effect of the automatic stay is to allow the Debtor to remain in possession of the Property, and to deprive the IAA of possession of the Property. Yet the State Court Decision

held that the IAA is entitled to possession of the Property, and the Debtor is not. And in opposing the Motion, the Debtor asks this Court to allow the automatic stay under 11 U.S.C. § 362(a) to continue to preclude the IAA from seeking to enforce the State Court Decision, so that the Debtor can and will remain in possession of the Property, despite having no present right to do so. But the State Court Decision is immediately enforceable under Indiana law, absent a stay pending appeal being issued by the state trial court or the Indiana Court of Appeals. Therefore, failing to grant relief from stay as requested by the IAA would amount to a failure by this Court to give full faith and credit to the State Court Decision, as required by the Full Faith and Credit statute and the doctrine of collateral estoppel. This Court cannot do this. This state of affairs establishes "cause," under 11 U.S.C. § 362(d)(1), to modify the automatic stay to permit the IAA to seek, in the Indiana courts, to enforce the possession order of the State Court Decision.

This Court's conclusions are supported by the closely analogous case cited by the IAA, *In re G. Force Invs., Inc.*, 442 B.R. 646, 650 (Bankr. N.D. Ohio 2010), a case which this Court finds persuasive. In that Chapter 11 case, the bankruptcy court concluded that under the Full Faith and Credit statute, 28 U.S.C. § 1738, it was required to give the Ohio state court judgment of possession in that case "the same preclusive effect as it would be given by an Ohio state court." *Id.* And, the court held, this included allowing the creditor to "immediately execute on the state court judgment," as allowed by Ohio law. *Id.*

For these reasons, the Court will grant the stay relief requested by the IAA. For its part, the Debtor will be free to pursue its pending state court appeal, and to seek, in the Indiana courts and under Indiana law, a stay pending appeal of the State Court Decision.

## IV. Conclusion

For the reasons stated in this Opinion, the Court will enter an order granting the Motion, and the stay relief requested by the IAA.

**Signed on July 26, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

5

18-45185-tjt    Doc 93    Filed 07/26/18    Entered 07/26/18 10:20:35    Page 5 of 5